UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELKS BUILDING CORPORATION OF NORWOOD, | |
| Plaintiff, | CIVIL ACTION NO. _____ |
| vs. | |
| BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF THE UNITED STATES OF AMERICA, INC. | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, and expressly reserving all rights otherwise to respond in the above-entitled action (the "Action"), Defendant Benevolent and Protective Order of Elks of the United States of America, Inc. ("BPOE") hereby removes the Action from the Superior Court for Norfolk County, Massachusetts, to this United States District Court, and as grounds for removal states as follows:

## NATURE OF THE ACTION

1.      Plaintiff Elks Building Corporation of Norwood ("Building Corporation") commenced the Action by filing its Verified Complaint and Request for Injunctive Relief (the "Complaint") in the Superior Court for Norfolk County, Massachusetts, on or about January 22, 2014.

2.      BPOE was served with a copy of the Complaint in the Action on January 24, 2014.  A copy of the Summons and Order of Notice, Civil Action Cover Sheet, and Complaint

14843753.1

served on January 24, 2014 is attached to this Notice as <u>Exhibit 1</u>.

      3.     A copy of the Motion for Special Process Server, Motion for Short Order of Notice, Plaintiff's Motion for Preliminary Injunction, and Memorandum of Arguments and Authorities in Support of its Motion for Preliminary Injunction, also served on January 24, 2014, is attached to this Notice as <u>Exhibit 2</u>.  A copy of the Affidavit of Counsel, with exhibits, submitted in support of Plaintiff's motion, also served on January 24, 2014, is attached to this Notice as <u>Exhibit 3</u>.

## TIMELINESS OF REMOVAL

      4.     BPOE filed this Notice of Removal within thirty (30) days after receipt of the Summons and Complaint and, therefore, BPOE's removal is timely pursuant to 28 U.S.C. § 1446(b).

## BASIS FOR FEDERAL JURISDICTION

      5.     Pursuant to 28 U.S.C. § 1332, the Court has original jurisdiction over this action based on diversity of citizenship among the parties.

      6.     Plaintiff Building Corporation "is a non-profit, charitable organization, incorporated under Massachusetts G.L. c. 180 . . . [and] has a principal office of 152 Winslow Avenue, Norwood, Norfolk County, MA."  (Ex. A, Complaint ¶ 1).  Therefore, Building Corporation is a citizen of the Commonwealth of Massachusetts.

      7.     Defendant BPOE is, and was at the time the Complaint was filed, a Washington, D.C.  non-profit corporation with its principal place of business in Illinois.

      8.     Accordingly, complete diversity exists in this case.

## REMOVAL UNDER 28 U.S.C. § 1441(b)

9.      Removal is proper under 28 U.S.C. § 1441(b), which permits, *inter alia*, removal

if the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and none "of the parties in

interest properly joined and served as defendants is a citizen of the State in which such action is

brought."  28 U.S.C. § 1441(b).  BPOE was not, and presently is not, a citizen of Massachusetts.

## AMOUNT IN CONTROVERSY

10.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

Building Corporation asserts a claim for declaratory judgment against BPOE seeking, *inter alia*,

a declaration that it "is the lawful record owner of all right, title and interest in the Norwood

Property," that "defendant BPOE has no ownership interest in the Norwood Property," and that

"BPOE has not right to assign a trustee to receive, hold, conserve, manage, sell, transfer and/or

deliver the Norwood Property." *See* Complaint ¶ 55(a), (b), (e).  Building Corporation also seeks

injunctive relief against BPOE.

11.     Where a plaintiff seeks non-monetary relief, "the amount-in-controversy is

'measured by the value of the object of the litigation.'"  *Aliberti v. GMAC Mortg., LLC*, 779 F.

Supp. 2d 242, 245 (D. Mass. 2011) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432

U.S. 333, 347 (1977)).

12.     As alleged in the Complaint, the Norwood Property at issue in this litigation "is

currently valued at approximately $4 million," *see* Complaint at 1, and "is presently assessed for

over $1,250,000."  *See* Complaint ¶ 17.  Because Building Corporation is seeking a declaration

regarding its purported ownership rights of the Norwood Property, it is clear that Building

Corporation is alleging that the potential harm to it would far exceed $75,000.

## CONCLUSION

13.     For each of the foregoing reasons, removal is proper.

14.     BPOE reserves the right to submit additional evidence in support of, and to amend, this Notice of Removal.

15.     Pursuant to 28 U.S.C. § 1446(d), BPOE will provide written notice of the filing of this Notice of Removal to all adverse parties.  In addition, a copy of this Notice of Removal is being filed with the clerk of the Massachusetts Superior Court Department in which the Complaint was filed.

16.     In accordance with LR 5.4(f) and LR 81.1(a), BPOE will, within thirty (30) days, file with this Court attested copies of all records, proceedings and docket entries in the state court.

17.     By this Notice of Removal, BPOE is not waiting, and expressly reserves, its right to assert any and all defenses it may have, including, without limitation, those described in Fed. R. Civ. P. 12(b).

**WHEREFORE**, BPOE respectfully requests that this Court take jurisdiction of this action to its conclusion and final judgment to the exclusion of any further proceedings in the courts of the Commonwealth of Massachusetts.

Dated:  February 3, 2014

Respectfully Submitted,

BENEVOLENT AND PROTECTIVE
ORDER OF ELKS OF THE UNITED
STATES OF AMERICA, INC.

By its Attorneys,


/s/ Matthew T. McLaughlin
Matthew T. McLaughlin (BBO # 660878)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
(617) 345-1000
(617) 345-1300 (fax)
mmclaughlin@nixonpeabody.com

James B. Ewbank, II
(*pro hac vice* application forthcoming)
EWBANK & HARRIS P.C.
1210 Nueces St.
Austin, Texas 78701
(512) 476-1080
(512) 476-7770 (fax)
jim@ewbankharris.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 3, 2014 a true and correct copy of the foregoing Notice of Removal was duly served on counsel for Plaintiff by U.S. Mail in an envelope addressed as follows:

Andrew C. Oatway, Esq.
Elizabeth S. Dillson, Esq.
MORISI & OATWAY, P.C.
730 Hancock Street
Quincy, MA  02170

/s/ Matthew T. McLaughlin_____
Matthew T. McLaughlin