# EXHIBIT 1

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 14-117

Elks Building Corporation of Norwood,   *Plaintiff(s)*

v.

Benevolent and Protective Order of,   *Defendant(s)*
Elks of the United States of America

### SUMMONS AND ORDER OF NOTICE

To the above-named Defendant:

You are hereby summoned and required to serve upon Elizabeth S. Dillon Esq Morisi&Oatway PC
plaintiff's attorney, whose address is 730 Hancock St Quincy,MA 02170                                       ,
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint,
for a preliminary injunction and that a hearing upon such application will be held at the court house

................................................................................................................................................................

................................................................................................................................................................

at said Dedham on ................Tuesday................

the ..........28th.......... day of ......January...... A.D. 20  14, at 2:00pm o'clock P.M., at which you may
appear and show cause why such application should not be granted.

WITNESS, BARBARA J. ROUSE, Esquire, at ..............................................Dedham..............................

the ......22nd...... day of ......January......, in the year of our Lord two thousand and ......fourteen...... .

*Walter L. Timilty*   Clerk,

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-34

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................, 20............, I served a copy of the within summons and order of notice, together with a copy of the complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

............................................................................................................................................................

............................................................................................................................................................

............................................................................................................................................................

Dated: ........................................, 20........................................................................................

**N. B.    TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

............................................................................, **20**         .

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                    SUPERIOR COURT
                               CIVIL ACTION
                               NO.

........................................, *Plaintiff(s)*

v.

........................................, *Defendant(s)*

**SUMMONS**
**(Mass. R. Civ. P. 4)**
**AND**
**ORDER OF NOTICE**
**ON**
**APPLICATION FOR PRELIMINARY**
**INJUNCTION**

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                 SUPERIOR COURT
                                                             DOCKET NO.

ELKS BUILDING CORPORATION          *
OF NORWOOD                         *
                *Plaintiff*        *
v.                                 *
                                   *
BENEVOLENT AND PROTECTIVE          *
ORDER OF ELKS OF THE               *
UNITED STATES OF AMERICA, and      *
                *Defendant*.       *

## <u>VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF</u>

### A. <u>INTRODUCTORY STATEMENT</u>

In this action, the plaintiff Elks Building Corporation of Norwood ("Building Corporation") seeks a declaratory judgment and an injunction in connection with the defendant Benevolent and Protective Order of the Elks of the United States of America ("BPOE")'s attempts to wrongfully obtain and otherwise interfere with the plaintiff's use and enjoyment of its real property located at 152-158 Winslow Avenue, Norwood, Norfolk County, MA (the "Norwood Property"). The Building Corporation seeks to prevent BPOE from interfering with its lawful control and ownership of such Property, which is currently valued at approximately $4 million and which it has owned for over 90 years.

### B. <u>PARTIES</u>

1. Plaintiff Elks Building Corporation of Norwood ("Building Corporation") is a non-profit, charitable organization, incorporated under Massachusetts G.L. c. 180, in 1923. The Building Corporation has a principal office of 152 Winslow Avenue, Norwood, Norfolk County, MA.

1

2. On information and belief, defendant Benevolent and Protective Order of Elks of the United States of America ("BPOE") is a 501(c) non-profit corporation with a principal office of 2750 North Lakeview Avenue, Chicago, Cook County, IL.

## C. FACTS

### Background

3. The plaintiff Building Corporation is a Massachusetts non-profit corporation in good standing, incorporated under MA G.L. c. 180 on August 11, 1923.  [A copy of its most recent annual report is attached as "Exhibit A"].[1]

4. On information and belief, the defendant BPOE is a 501(c) non-profit corporation, and a national fraternal organization.

5. BPOE consists of a national, Grand Lodge, and numerous local, subordinate lodges ("local lodges").

6. The Norwood Lodge of Elks #1124 ("Norwood Elks") is one such local lodge.

7. The Norwood Elks currently has approximately six hundred (600) members.

8. Pursuant to the Building Corporation's by-laws, all members of the Norwood Elks are *ipso facto* members of the Building Corporation.

9. Currently, the Building Corporation is comprised solely of individuals who are also members of the Norwood Elks.

10. Pursuant to BPOE's internal rules (known as "statutes"), BPOE has the authority to grant charters to local lodges.

---

[1] In the 1980s, for a period of time, the corporation failed to file Annual Reports and pay accompanying annual filing fees.  This resulted in an administrative dissolution pursuant to M.G.L. c. 180 §26A on November 17, 1986. The corporation filed an Application for Revival and on March 8, 1989, the Secretary of the Commonwealth approved the Application for Revival.  The effect is that the corporation was "revived for all purposes including without limitation of time with the same powers, duties and obligations as if the charter had not been revoked."

11. Pursuant to BPOE's internal rules, BPOE also has the authority to suspend and revoke local
    lodges' charters.

12. On August 21, 1923, the Building Corporation acquired ownership of the Norwood Property
    by purchasing it from a George F. James. [A copy of the Deed is attached as Exhibit B"].[2]

13. Title to the Norwood Property has at all times since then been held in the name of the Elks
    Building Corporation of Norwood.

14. The Norwood Property is registered land.

15. Since being formed and acquiring the Norwood Property, the Building Corporation has paid
    the real estate taxes and water and sewer bills, sold off a portion of the land, leased a portion
    of the land to a third party, borrowed money and encumbered the Norwood Property with a
    mortgage.

16. At all relevant times, the Building Corporation has paid for the maintenance, repair and
    upkeep of the buildings, land and parking areas located on the Norwood Property.

17. The Norwood Property is presently assessed for over $1,250,000.

18. From 1923 to the present, the Building Corporation has leased the Norwood Property to the
    Norwood Elks on a yearly basis. [A copy of the current Commercial Lease is attached as
    "Exhibit C"].

19. The Norwood Elks pay the Building Corporation an agreed-upon, fixed monthly sum to rent
    the Norwood Property, which is presently $5,145.00 per month.

20. At all relevant times, the rent payments have been the Building Corporation's primary source
    of income.

---

[2] The commonly used street address is 152 Winslow Avenue. The Norfolk Registry uses this address. The Norfolk
Assessor's office uses 158 Winslow Avenue. The term "Norwood Property" shall be used to refer to the property
deeded to Building Corporation in 1923 which is known as 152 or 158 Winslow Avenue, Norwood, MA.

21. The Norwood Elks lease the Norwood Property to, among other things, conduct their meetings, socialize, and plan and host charitable events that benefit the public interest.

22. The Building Corporation permits members of the public to use the Norwood Property without charge, for certain beneficial and charitable purposes, such as Alcoholics Anonymous Meetings, Little League practices and games, to host public school fund-raisers and other activities, and to host fund-raising events for handicapped, disabled, and religious organizations.

23. Defendant BPOE has no ownership interest in the Norwood Property.

24. The defendant BPOE has never had such an interest in the Norwood Property.

<u>BPOE is Engaged in a Systematic Campaign to Wrongfully Commandeer Valuable Property to which it Has No Ownership Interest</u>

25. Upon information and belief, BPOE is engaged in a systematic campaign across the country to wrongfully commandeer property, used by local lodges, to which it has no ownership interest.

26. Upon information and belief, the primary target of this campaign has been highly valuable real property owned or used by BPOE's local lodges.

27. Upon information and belief, BPOE is engaged in a systematic process of revoking the charters of numerous local lodges with valuable real property, in order to wrongfully obtain ownership or control of such property.

28. BPOE has required local lodges to surrender their real and personal property to BPOE upon such charter revocation.

29. BPOE's justification for revoking such charters is spurious.

30. In furtherance of its campaign to wrongfully acquire local lodge property, BPOE has, among other things: (1) changed local lodge locks; (2) locked local lodge gates; (3) seized local

4

lodge accounts; (4) posted notices and issued executive orders declaring local lodges closed;

(5) sanctioned local lodge members; (6) expelled individuals from local lodge membership;

(7) removed individuals from local lodge office; 8) seized personal property and other

material assets located within local lodges; and (9) sold local lodges' real property.

<u>BPOE has Begun to Take Action to Wrongfully Commandeer the Norwood Property</u>

31. On or about December 2, 2013, the Norwood Elks held a regular meeting.

32. Prior to the meeting, BPOE notified the Norwood Elks that it would be sending a

representative Michael Zellen ("Zellen") to the regular meeting.  Zellen is the Vice-Chairman

of the BPOE Board of Grand Trustees.

33. The Norwood Elks asked BPOE for an agenda for the visit by Zellen.

34. BPOE refused to provide any agenda or any information regarding the nature of the visit.

35. At the meeting, BPOE representative Zellen was present.

36. At the meeting, Zellen took the podium and introduced himself and his title with BPOE.

Zellen then stated that the Norwood Lodge of Elks #1124 was in default and not in

compliance with Grand Lodge statutes.

37. Zellen stated that unless the Norwood Lodge of Elks #1124 took certain actions, then the

Norwood Lodge of Elks #1124 would be placed on probation the next day and that a Grand

Lodge Special Representative would be appointed immediately.

38. Among the actions demanded by Zellen, he demanded that the Norwood Lodge of Elks

#1124 vote to cause the Building Corporation to amend its Articles of Organization to

conform to Section 16.030 of the Grand Lodge Statutes.

39. This Section of the Grand Lodge Statutes provides for BPOE to have control over the conduct of a separate corporation that owns real property or any other facility used by the local lodge membership. [A copy of this section is attached as "Exhibit D"].

40. Upon information and belief, BPOE is most interested in the portion of Section 16.030 that provides that if the separate corporation (such as the Building Corporation) is dissolved, then all property owned, controlled or held by it shall be transferred to BPOE or an entity controlled by BPOE.

41. BPOE demanded that the Building Corporation amend its Articles of Organization to conform to Section 16.030 of the Grand Lodge Statutes because the Building Corporation is not bound by this Section of the Grand Lodge Statutes.[3]

42. The Norwood Lodge of Elks #1124 did not agree to Mr. Zellen's demands.

43. Zellen then emailed a December 4, 2013 letter to Kevin Quinn, the "Exalted Ruler" of the Norwood Lodge of Elks #1124. [A copy of the letter is attached as "Exhibit E"].

44. In the letter, Zellen reiterated his demand that the Building Corporation amend its Articles of Organization to conform to Section 16.030 of the Grand Lodge Statutes and imposed a deadline of January 31, 2014.

45. Such proposed amendment to the Building Corporation's Articles of Organization, if adopted, would cause all Building Corporation property to be transferred to BPOE upon the dissolution of the Building Corporation.

46. In addition, the proposed Amendment, if adopted, would permit only Norwood Elks to become Building Corporation members.

---

[3] The provisions of the Grand Lodge statutes (that BPOE now seeks to impose upon the Building Corporation) were not put into effect until many years after 1923, the year that the Building Corporation was formed and acquired title to the Norwood Property.

6

47. Absent this voluntary amendment by the Building Corporation, BPOE has no control over the Norwood Property.

48. Upon information and belief, BPOE plans to bully Norwood Lodge of Elks #1124 to cause the Building Corporation to adopt the Amendment and then take steps to seize control of the Norwood Property.

49. Upon information and belief, the attempt to take the Norwood Property, is for the purpose of forcing a merger between the Norwood Lodge of Elks #1124 and another local lodge within its District.

50. Upon information and belief, after taking control and merging the Norwood Lodge with another local lodge, BPOE intends to sell the Norwood Property and keep the proceeds from the sale.

51. If BPOE is allowed to take this course and seize and/or sell the Norwood Property, not only will BPOE have appropriated a valuable asset but the loss of this valuable asset will have considerable negative effect on the community and its citizens.

52. On January 21, 2014, the Norwood Lodge of Elks #1124 held a meeting and the Building Corporation held a meeting. The demands of BPOE were put to a vote. The members of the Building Corporation voted not to amend its Articles of Organization.

53. Based on what has transpired in other parts of the country, the Building Corporation believes that BPOE will now take steps to further its campaign to unlawfully appropriate control and ownership of the Norwood Property.

### D.   CAUSES OF ACTION

### COUNT I- DECLARATORY JUDGMENT

54.   The plaintiff realleges and incorporates by reference the relevant allegations above.

7

55.    Plaintiff Building Corporation asks that the Court declare the parties' rights with respect to the Property, including a declaration of the following:

    a.   The plaintiff Building Corporation is the lawful record owner of all right, title and interest in the Norwood Property;

    b.   The defendant BPOE has no ownership interest in the Norwood Property;

    c.   Any attempt by BPOE to receive, hold, conserve, manage, sell, transfer, and/or deliver the Norwood Property is ineffective and invalid;

    d.   Any attempt by BPOE to establish an ownership interest in the Norwood Property is ineffective and invalid;

    e.   BPOE has no right to assign a trustee to receive, hold, conserve, manage, sell, transfer, and/or deliver the Norwood Property;

    f.   BPOE has no right to enter onto the Norwood Property without the express permission of the Building Corporation, or as set forth in the Building Corporation's by-laws;

    g.   BPOE has no right to interfere with the Building Corporation's use and enjoyment of the Norwood Property;

    h.   Any attempt by the defendant BPOE to try to cause a dissolution of the Building Corporation is ineffective and invalid;

    i.   The Building Corporation continues to be in valid legal existence, regardless of whether its members are members of the Norwood Lodge of Elks #1124;

    j.   Members of the Building Corporation at the time of any revocation of the Norwood Elks' Charter remain members of the Building Corporation;

    k.  Officers of the Building Corporation at the time of any revocation of the Norwood Elks' Charter remain officers of the Building Corporation until new officers are elected pursuant to the Building Corporation's by-laws;

    l.  Directors of the Building Corporation at the time of any revocation of the Norwood Elks' Charter remain directors of the Building Corporation until new directors are elected pursuant to the Building Corporation's by-laws;

    m.  Revocation of the Norwood Elks' Charter will not result in dissolution of the Building Corporation; and

    n.  If the Building Corporation should be dissolved, its property will not be transferred to BPOE unless this is specifically voted and authorized by its members.

56.    An actual controversy exists between the parties as the foregoing.

57.    Wherefore, the plaintiff demands that the Court enter a Declaratory Judgment, as set forth above.

## COUNT II- INJUNCTIVE RELIEF

58.    The plaintiff realleges and incorporates by reference the relevant allegations above.

59.    The plaintiff moves for a Preliminary Injunction that the defendant, its officers, agents, representatives, attorneys, and all others acting on its behalf are restrained and enjoined from:

    a.  Taking any action to exercise ownership or control over 152 – 158 Winslow Avenue, Norwood, Norfolk County, MA (the "Norwood Property");

    b.  Interfering with the plaintiff's use and enjoyment of its Property or the use and enjoyment of the plaintiff's tenants, including Norwood Lodge of Elks #1124;

9

c.    Changing any locks on any gates and/or doors located on or within the Norwood Property;

d.    Seizing any personal property or other material assets located on or within the Norwood Property;

e.    Preventing any individual from entering the Norwood Property; and

f.    Banning individuals from entry onto the Norwood Property, the buildings thereon, or any part thereof.

## E.    PRAYERS FOR RELIEF

WHEREFORE, the plaintiff prays that this Court enter relief for the plaintiff against the defendant as follows:

1.    For a Declaratory Judgment pursuant to Count I;

2.    For a Temporary Restraining Order granting the relief in Count II of this Verified Complaint;

3.    For a Short order of Notice for a hearing on the Plaintiff's Request for Injunctive Relief in Count II of this Verified Complaint;

4.    For a Preliminary Injunction granting the relief in Count II of this Verified Complaint;

5.    For a Permanent Injunction granting the relief in Count II of this Verified Complaint;

6.    For damages in an amount to be determined; and

7.    For such other and further relief as this Court deems just and proper.

## F.    VERIFICATION

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THE DATE SET FORTH BELOW

DATED: _1-22-14_

_Michael Brown, President_

ELKS BUILDING
CORPORATION OF NORWOOD

*By its attorneys,*

MORISI & OATWAY, P.C.

Dated: 1/22/14

Andrew C. Oatway, BBO# 561885
aco@morisi.com
Elizabeth S. Dillon, BBO #683540
esd@morisi.com
MORISI & OATWAY, P.C.
730 Hancock Street
Quincy, MA 02170
Tel.     617.479.0400
Fax.     617.479.6885

11

# EXHIBIT A



## The Commonwealth of Massachusetts
### William Francis Galvin

Minimum Fee: $15.00

Secretary of the Commonwealth, Corporations Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

### Annual Report
(General Laws, Chapter 180)

Federal Employer Identification Number: <u>042662873</u> *(must be 9 digits)*

Filing for November 1, <u>2013</u>

In compliance with the requirements of Section 26A of Chapter one hundred and eighty (180) of the General Laws:

1. Exact name of the corporation: <u>ELKS BUILDING CORPORATION OF NORWOOD</u>

2. Location of its principal office:

No. and Street: <u>152 WINSLOW AVE.</u>
City or Town: <u>NORWOOD</u>   State: <u>MA</u>   Zip: <u>02062</u>   Country: <u>USA</u>

3. DATE OF THE LAST ANNUAL MEETING: <u>04/16/2013</u> ✎ *(mm/dd/yyyy)*
*(if none leave blank)*

4. State the names and street addresses of all officers, including all the directors of the corporation, and the date on which the term of office of each expires:

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration<br>of Term |
|---|---|---|---|
| PRESIDENT | MICHAEL J BROWN | 124 DEAN STREET<br>NORWOOD, MA 02062 USA | 03/31/15 |
| TREASURER | PAUL ERKA | 54 ANNE ROAD<br>NORWOOD, MA 02062 USA | 03/31/16 |
| VICE PRESIDENT | JOHN MILLER | 445 WASHINGTON STREET<br>EAST WALPOLE, MA 02032 USA | 03/31/14 |
| CLERK | BRIAN W. QUINN | 14 ELKS PARKWAY<br>NORWOOD, MA 02062 USA | 03/31/15 |
| DIRECTOR | MICHAEL NAUGHTON | 20 SUMMIT AVE<br>NORWOOD, MA 02062 USA | 03/31/15 |
| DIRECTOR | ED OGINSKI | 57 CASEY<br>NORWOOD, MA 02062 USA | 03/31/14 |
| DIRECTOR | KEVIN M QUINN | 64 ELM STREET<br>NORWOOD, MA 02062 USA | 03/31/14 |
| DIRECTOR | FRED BABCOCK | 16 COBLEIGH ST<br>WESTWOOD, MA 02090 USA | 03/31/16 |
| DIRECTOR | ROBERT A BURKE | 10 LUNT AVE<br>QUINCY, MA 02169 USA | 03/31/16 |

5. Check if the corporation is a cemetery corporation that does NOT hold perpetual care funds in trust. If the corporation is a cemetery corporation that holds perpetual care funds in trust, a copy of the written

Instrument establishing the trust and any amendments thereto must be attached, and the annual report must be filed by facsimile, mail or in person.

I, the undersigned, __BRIAN W. QUINN__ of the above-named business entity, in compliance with the General Laws, Chapter 180, hereby certify that the above information is true and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on this 23 Day of October, 2013.

© 2001 - 2013 Commonwealth of Massachusetts
All Rights Reserved

# EXHIBIT B

REGISTERED TITLE – CERT. NO.

Statute Form of  **15935**

# Quitclaim Deed

................GEORGE..F...JAMES................

TO

.....ELKS..BUILDING..CORPORATION......

ORIGINAL

...........................................................19

at............o'clock and............minutes.............m,

Received and Entered with.............................

...................................................... Deeds

Book......................... Page.....................

Attest: .................................................

......................................................  **6268**

N Reg........................................ **168**  Register

FROM THE OFFICE OF

....FLYE..CRABILL..BUTTRICK..&..JAMES

68 DEVONSHIRE STREET – BOSTON.

Published by

*Damon*

*of Boston*

PEMBERTON  7  SQUARE

No. 0173½

I, GEORGE F. JAMES

of Norwood , Norfolk County, Massachusetts, being unmarried for consideration paid, grant to ELKS BUILDING CORPORATION of Norwood a corporation duly organized by law and having a usual place of business in said Norwood with quitclaim covenants

the land in Norwood, Norfolk County, Massachusetts, bounded and described as follows:

Northwesterly by Winslow Avenue one hundred fifty-four and 70/100 feet;
Northeasterly by lands now or formerly of Edward G. Wolf, of Winifred Bartlett and of Clara Wack, two hundred twenty-six and 64/100 feet;
Northwesterly by said Wack land and by lands now or formerly of Edith Rhodes et al, of Virginia Brooke, of Eugene L. Murphy and of Aaron L. Goodwin, four hundred forty-three and 25/100 feet;
Northeasterly by land now or formerly of the Norwood Housing Association, Inc. one hundred feet;
Northwesterly by said Association land two hundred eighty-one and 83/100 feet;
Northeasterly by Walnut Avenue forty-five and 82/100 feet;
Southeasterly three hundred nineteen and 93/100 feet; and
Northeasterly three hundred twenty-six and 67/100 feet by other land now or formerly of said Association;
Southeasterly two hundred sixty-three and 16/100 feet; and
Easterly two hundred thirty and 16/100 feet by land now or formerly of J. Fred Boyden et al;
Southerly by land now or formerly of the Finnish Workingmen's Association Inc., of George O. Peterson and of John Q. Peterson, four hundred twenty-three and 44/100 feet;
Easterly by said John Q. Peterson land two hundred forty-nine and 48/100 feet;
Southerly by Chapel Street forty and 4/100 (40.04) feet;
Westerly two hundred forty eight and 59/100 feet;
Southerly one hundred eighteen and 99/100 feet by land now or formerly of the Norwood Housing Association, Inc., and
Westerly one hundred twenty-five and 47/100 feet; and
Southwesterly three hundred and 45/100 feet by land now or formerly of Fred L. Fisher.

All of said boundaries are determined by the Court to be located as shown on a plan drawn by Arthur E. Spencer, Surveyor, George H. Wetherbee, Jr., Surveyor, dated Feb. 1920, as modified and approved by the Court, filed in the Land Registration Office, a copy of a portion of which will be filed with the original certificate of title issued on this decree and the above described land is shown thereon as lots B, E and F.
Said parcels E and F are subject to a right of way for all purposes as appurtenant to the land of Norwood Housing Association, Inc.

This conveyance is made subject to the taxes assessed as of April 1, 1927, being the same premises conveyed to me by BERWICK & SMITH COMPANY by deed dated June 13th, 1927 to be recorded in Norfolk County Land Registration Office.

I, GRACE L. JAMES                                              wife of said grantor
release to said grantee all rights of dower and homestead and other interests therein.

Witness our hand and seals this........21st........day of.....August........19 23

                                                    George F. James
                                                    Grace L. James

Commonwealth of Massachusetts

Norfolk                    ss.    ........August....21st................19 23

        Then personally appeared the above-named......George F. James
and acknowledged the foregoing instrument to be.......his............free act and deed,

before me,

                            Dennis W. Haggerty
                                          Justice of the Peace.

                    My commission expires

# Transfer Certificate of Title

No. 6768

From____Transfer____Certificate No.___6767___, Originally Registered____August 23,____1923____, in

Registration Book____84____Page___167_____for the Registry District of Norfolk County.

This is to Certify that___Elks Building Corporation of Norwood, a corporation organized and existing under the laws of the Commonwealth of Massachusetts and having its usual place of business in

of____Norwood____in the County of____Norfolk____and Commonwealth of Massachusetts____

_____married to____

_____is____the owner____in fee simple

of that certain parcel of land situate in____NORWOOD____

in the County of Norfolk and said Commonwealth, bounded and described as follows:

Northwesterly by Winslow Avenue one hundred fifty four and 70/100 (164.70)feet;
Northeasterly by lands now or formerly of Edward G. Wolf, of Winifred Bartlett
____and of Clara Wack, two hundred twenty-six and 64/100 (226.64) feet;
Northwesterly by said Wack land and by lands now or formerly of Edith Rhodes
____et al and of Virginia Brooks, of Eugene L. Murphy and of Aaron L. Goodwin,
____four hundred forty three and 25/100 (443.25) feet;
Northeasterly by land now or formerly of the Norwood Housing Association, Inc.
____one hundred (100) feet;
Northwesterly by said Association land two hundred eighty one and 66/100 (281.66)
____feet;
Northeasterly by Walnut Avenue forty five and 92/100 (45.92) feet;
Southeasterly three hundred nineteen and 92/100 (319.92)feet; and
Northeasterly three hundred twenty-six and 67/100 (326.67) feet by other land now
____or formerly of said Association;
Southeasterly two hundred sixty three and 15/100 (263.15) feet; and
Easterly two hundred thirty and 16/100 (230.16) feet by land now or formerly
____of J. Fred Boyden et al;
Southerly by land now or formerly of the Finnish Workingmen's Association, Inc.,
____of George O. Peterson and of John Q. Peterson, four hundred twenty three
____and 44/100 (423.44) feet;
Easterly by said John Q. Peterson land two hundred forty nine and 48/100 (249.48)
____feet;
Southerly by Chapel Street forty and 4/100 (40.04) feet;
Westerly two hundred forty eight and 59/100 (248.59)feet;
Southerly one hundred eighteen and 89/100 (118.89)feet by land now or formerly
____of the Norwood Housing Association, Inc.; and
Westerly one hundred twenty five and 47/100 (125.47) feet; and
Southwesterly three hundred four and 46/100 (304.46) feet by land now or formerly
____of Fred L. Fisher.
____All of said boundaries are determined by the Land Court to be located as shown
on a plan drawn by Arthur E. Spencer, Surveyor, George B. Wetherbee, Jr., Surveyor,
dated Feb. 1920, as modified and approved by said Court, filed in the Land Regis-
tration Office as No.7693A, a copy of a portion of which is filed in Norfolk
Registry District with Certificate No.5707, Vol.29, and the above described land
is shown thereon as Lots B,E, and F.
____Said parcels E and F are subject to a right of way for all purposes as ap-
purtenant to the land of Norwood Housing Association, Inc.

And it is further certified that said land is under the operation and provisions of Chapter 185 of the General Laws,

and that the title of said____Elks Building Corporation of Norwood____

_____

to said land is registered under said chapter, subject, however, to any of the encumbrances mentioned in Section forty-six

of said Chapter, which may be subsisting, and subject also to____as aforesaid____

Witness, CHARLES THORNTON DAVIS, Esquire, Judge of the Land Court, at Dedham, in said County of

Norfolk, the____twenty-third____day of____August____in the year nineteen hundred and

twenty-three____, at____11____o'clock and____00____minutes in the____forenoon.

Attest, with the Seal of said Court,

*Charles E. Brighton*
Acting Assistant Recorder.

## MEMORANDUM OF ENCUMBRANCES ON THE LAND DESCRIBED IN THIS CERTIFICATE.

| DOCUMENT NUMBER | KIND | RUNNING IN FAVOR OF | TERMS | DATE OF INSTRUMENT | DATE OF REGISTRATION | SIGNATURE OF ASSISTANT RECORDER | DISCHARGE |
|---|---|---|---|---|---|---|---|
| 16311 | Mortgage | Norwood Trust Co. | Condition, Deed from in mortgage not being punctually set up. | Oct. 19, 1923 | 1923 Oct. 22 11 15 AM | *[signature]* Acting | Discharged by Doc. 211111. |
| 31657 | Taking | Town of Norwood | Taking for draining purposes Clp. 185,188 Norwood Rec. | 1928 | 1928 May 24 2 50 PM | C. Ebbington Acting | |
| 43005 | Order | Town of Norwood | Draining for Norwood's part of Draining for Norwood Rec. | Aug. 24, 1931 | 1931 Oct. 20 1 35 PM | C. W. Ebbington Acting | |
| 34778 | Order | Norwood | | Sept. 29, 1941 | 1941 Sept. 29 20 | *[signature]* Acting | |
| 201622 | Mortgage | Union Sav. Bk. & System | | Jan. 5, 1947 | 1947 Jan. 30 9 30 | *[signature]* Acting | Discharged by Doc. 211111. |
| 261115 | Mortgage | Union Sav. Bk. & System | $20,000 — See Doc. | Sept. 3, 1947 | 1947 Sept. 9 9 45 AM | *[signature]* Acting | Discharged by Doc. 407038 " |
| 407538 | Mortgage | Medical Co. | $200,000 — See Doc. | June 19, 1972 | 1972 June 20 12 57 PM | *[signature]* | |
| 1003138 | misc. | Norwood Collector of Taxes | Municipal Certificate | Oct. 23, 2005 | 2005 Dec. 24 9 40 AM | Collin PAR---TH | |
| 1008139 | Mortgage | Eastern Bank | See Documents | Nov. 23, 2005 | 2005 Dec. 24 9 40 AM | Helen P. Powell | |
| 1008140 | Assignment of Rents | Eastern Bank | See Documents | Dec. 23, 2005 | 2005 Dec. 24 9 40 AM | Helen P. Powell | |

# EXHIBIT C

## COMMERCIAL LEASE

1.  In accordance with the By-Laws governing the Elks Building Corporation of Norwood, the Board of Directors are authorized to lease the land and buildings known as 152 Winslow Avenue, Norwood, MA owned by the Elks Building Corporation of Norwood.

2.  **PARTIES:** The Lease is executed by and between Elks Building Corporation of Norwood (the "Lessor") located at 152 Winslow Avenue, Norwood, MA 02062 and the Norwood Lodge of Elks No. 1124, acting through the Home Committee (the "Lessee") located 152 Winslow Avenue, Norwood, MA 02062.

3.  **LEASED PREMISES:** The land and buildings known as 152 Winslow Avenue, Norwood, MA, containing approximately 13, 840 sq. ft. of space, which includes upper and lower levels, situated on approximately 8.26 acres.

4.  **PURPOSE:** The Lessee shall have a right to conduct Elks Lodge meetings and other meetings for Elks purposes, operate the upstairs grille room for members and guests and the downstairs function hall, in addition to any other purpose which is legally allowed under its respective licenses. All prices for goods and services sold by the Lessee shall be at the sole discretion of the Lessee.

5.  **TERM:** The term of this lease shall be for one (1) year commencing, April 1, 2010, and ending March 31, 2011. The Parties agree the Lessee has the option to renew this lease at the end of its term by giving the Lessor a thirty (30) day written notice that it intends to renew. The terms and conditions of the renewal must be mutually satisfactory to the Parties. The Parties further agree that until such time that a new lease is executed; the expiring lease shall be in full force and effort, on a month to month basis.

6.     **RENT:** The Lessee shall pay to the Lessor the fixed sum of $4,700.00 per month on the first of each month throughout the lease. All rent shall be payable without offset or reduction, unless agreed to in writing between the Parties.

7.     **RESPONSIBILITIES:** The responsibilities of the Parties are identified as line items in each Parties respective fiscal year budgets (attached hereto). The Lessee shall be responsible for the cleaning, sanitation and up keep of the interior of the leased premises. The Lessee shall maintain and repair all equipment used in performance of the Lodge business overseen by the Lessee. Unless otherwise specified in this Agreement, the Lessor shall be responsible for the maintenance, repair and upkeep of the buildings, land and parking areas.

8.     **INSURANCE & LIABILITY:** The Lessor shall be responsible for providing, and shall have at all times, fire and premises insurance for the land and building. The Lessor shall not be liable for any acts or omissions over which the Lessor has not control. It is agreed the Grand Lodge carries the insurance for liquor liability. The Lessee shall not allow the land or building to be used for any purpose that might violate any policy of insurance or any local, state or federal law.

9.     **ASSIGNMENT / SUBLEASING:** The Lessee shall not assign nor sublease any portion of this lease without the prior written approval of the Lessor.

10.    **CONDITION OF PREMISES:** The Lessee shall accept the land and premises in an "as is" condition. The Lessee shall commit no waste other than normal and reasonable wear under the lease.

11.    **OTHER:** This Lease represents the entire agreement between the Parties.

       This Lease shall be governed by the Law of the Commonwealth of Massachusetts.

IN WITNES WHEREOF, the Parties set their hands and seals this _22 ND_ day of

November, 2010

LESSEE:
**BOARD OF TRUSTEES**

LESSOR:
**ELKS BUILDING CORPORATION
OF NORWOOD**

CHAIRMAN

PERRY A SIEGEL
[Printed Name]

Per A Sel
[Signature]

PRESIDENT

Michael J. Brown
[Printed Name]

Michael J. Brown
[Signature]

-3-

# EXHIBIT D

NNOTATED STATUTES

I incorporate, the voluntary association shall merge

incorporate it shall pass a resolution authorizing
Officers of the Lodge to convey all of its property,
trust or otherwise, to the new corporation and the
shall be a condition precedent to its incorporation.
ent hereof to enable any Lodge by incorporating to
embracing both Lodge and Club, without altering
er the character of the Lodge as set forth from time
e.

ittees of all Lodges, whether incorporated or not,
same names or titles and shall possess the same
ow obtain, or as may from time to time be provided
hief or presiding Officer of such corporation shall
he Lodge and shall be designated as such in the
Officers of the corporation shall be the respective
shall be known by their respective Lodge titles. All
tanding shall be members of the corporation. An
ake provision for a Board which shall be designated
uirements of the corporation laws of the State or
dge is situated and which shall be composed of the
odge and the Trustees, and which shall be vested
l upon the Board of Trustees by the Laws of the

Lodge shall not alter or change the fact that the
and controlled by the members thereof, whether
tradistinction to the usual method of incorporation
its stockholders or shareholders.

ve Officers of the Lodge may be used and employed
such Charter.

of stock, or other securities to be issued, shall
ents and exigencies of each individual corporation,
ditions governing the same, all subject to the Laws
val of the Chairman of the Committee on Judiciary.
said corporation shall include the full name of the
porating, to-wit: "_____ Lodge
Benevolent and Protective Order of Elks of the

gatory upon Lodges where the incorporation laws
onflict herewith, nor shall this Section be construed
on of Lodges incorporated prior to 1914.

ated Statutes for suggested incorporation forms.)

OPINION

ge meetings
corporation
n is legally

## ANNOTATED STATUTES

### DECISION

01  A Lodge, incorporated under State laws, must comply with the State law in relation to its duties under State laws. Where State law permits, it must comply with the statutes of the Grand Lodge or be placed under pain and penalty of a forfeiture of its Charter from the Grand Lodge. Under the New York statute an amendment of the State Charter of Brooklyn

Lodge No. 22, providing for a reduction of the number of its Trustees to three, does not deprive existing Trustees of office until the termination of the time for which they were elected. No successor to present Trustees shall be elected until after process of elimination and the election of Trustee's successor shall maintain the number of Trustees at three. (Grand Forum, 1909)

**Section 16.030.** The Lodge may, if it chooses, form a separate corporation for any club, home real property or other facility owned by the Lodge. Membership in the corporation shall at all times consist of the elective officers (including Trustees) of the Lodge, together with four (4) additional persons who are members of the Lodge. These four additional members shall be elected by the remaining corporate members and shall be members for one year periods.

All corporate powers shall be exercised by a Board of Directors, to be seven (7) in number, who shall be corporate members, and who shall serve for one year, and until their successors are elected and qualify.

The corporate officers shall be elected from the Board of Directors and shall consist of a President, Vice President, Secretary and Treasurer, to be elected annually by the Board of Directors. The President and Secretary shall not hold more than one office in the corporation.

The books and records of such corporation shall at all times be subject to inspection by the Grand Lodge of the Order.

It shall be the duty of the corporation to present to the Lodge for approval, not later than the final regular Lodge meeting in April, a separate and comprehensive budget for the proposed operation of the corporation. The corporation shall also submit a monthly written report to the Lodge showing the financial condition of the corporation and the condition of the budget relating to the same.

Upon dissolution of a separate corporation, all property owned, held or controlled by it shall be transferred and distributed by its Board of Directors to the Lodge or other non-profit organization, fund, corporation or trust forming a part of or controlled by the Benevolent and Protective Order of Elks of the United States of America.

No Articles of Incorporation or By-Laws or any amendment thereto of a separate corporation shall take effect unless submitted to and approved by the Committee on Judiciary.

A separate corporation shall be subject to and comply with the provisions of Section 16.050 in all matters applicable thereto and the Laws of the Order.

(See Appendix of Annotated Statutes for suggested incorporation forms.)

### OPINIONS

01  A corporation, which is merely a holding company, may by deed transfer its property to the Lodge, and then be dissolved under State law.

02  All separate corporations, regardless of when organized, are subject to the provisions of this Section, and subject to all provisions of the Laws of the Order.

03  A separate corporation must comply with the Laws of the Order, therefore, the formation of a separate corporation must be proposed and voted upon in the same manner as the incorporation of a Lodge. See Section 16.020.

# EXHIBIT E



MILLARD C. PICKERING
*Grand Exalted Ruler*
P.O. Box 1324
SAPULPA, OK 74067-3302

BRYAN R. KLATT *Grand Secretary*
2750 N. Lakeview Avenue
CHICAGO, IL 60614-1889

BOARD OF GRAND TRUSTEES
**MICHAEL F. ZELLEN**
Vice-Chairman

*A Fraternal Organization*

5 Chase Circle
Peabody, MA 01960-3302
(978) 538-7075 Office 535-5999 Home
(978) 495-2729 Cell (978) 538-7077 Fax
E-mail: mzellen753@verizon.net

December 4, 2013

Kevin M. Quinn, Exalted Ruler
Norwood Lodge of Elks No. 1124
64 Elm Street
Norwood, MA 05062

Via e-mail – kevin.quinn.2@bc.edu

Re: Section 16.030

Dear Exalted Ruler Quinn,

I would like to affirm with you as a result of the December 2, 2013 regular meeting of the
Norwood Lodge of Elks # 1124, the following understanding between the Officers and
Members of the Lodge any myself:

- That the Elected Officers of the lodge will call a meeting(s) to discuss the resolution
  of the Building Corporation of the Norwood by amending its Articles of Organization
  to conform to Section 16.030 of the Grand Lodge Statutes.

- That a motion will be presented to the Lodge at a regular Lodge Meeting, that the
  above Amended Articles of Organization be submitted to the Grand Lodge Judiciary
  for approval.

- That the above actions will take place within the next 60 days (January 31, 2014).

- That you will keep me abreast of the progress being made on a biweekly basis.

Benevolent and Protective Order of Elks • Grand Lodge          *Elks Care – Elks Share*

Provided the above agreement is adhered to, I will agree to hold off on my recommendation to our State Sponsor Leonard J. Bristol that the lodge be placed on Probation or request the appointment of a Grand Lodge Special Representative during the agreed upon 60 day period.

If my understanding of the above course of action is not the case please let me know.

Please respond that you either agree or disagree with the above understanding.


Fraternally,



Michael F. Zellen
Vice Chairman of the Board of Grand trustees
Special Deputy Grand Exalted Ruler


CC: Bryan R. Klatt, Grand Secretary
     Francis X. Olivieri, Member of the Grand Lodge Judiciary Committee
     William J. Chemelli, PGLC, Area Special Representative, Area 1
     Perry A. Siegel, Secretary, Norwood Lodge of Elks No. 1124

| CIVIL ACTION COVER SHEET | DOCKET NO. (S) | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Elks Building Corporation of Norwood | Benevolent and Protective Order of the Elks of the United |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
| Andrew C. Oatway, Elizabeth S. Dillon, Morisi & Oatway, P.C., 730 Hancock Street, Quincy, MA 02170 617-479-0400 | States of America |
| Board of Bar Overseers number: 561885, 683540 | |

### Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup. Ct. C.231, s. 104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup. Ct. C.231, s. 102C (X)

- [ ] 4. F04 District Court Appeal c.231. s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass. R. Civ. P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | (A ) | ( )Yes ( X )No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses................................................................. $ _____
2. Total Doctor expenses.................................................................. $ _____
3. Total chiropractic expenses........................................................... $ _____
4. Total physical therapy expenses...................................................... $ _____
5. Total other expenses (describe)...................................................... $ _____
                                                              Subtotal $ 0.00
B. Documented lost wages and compensation to date................................. $ _____
C. Documented property damages to date............................................. $ _____
D. Reasonably anticipated future medical and hospital expenses.................... $ _____
E. Reasonably anticipated lost wages.................................................. $ _____
F. Other documented items of damages (describe)

                                                                       $ _____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                       $ _____
                                                              TOTAL $ 0.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Plaintiff is seeking injunctive relief and a declaratory judgment in connection with the defendant's attempts to wrongfully obtain and otherwise interfere with the plaintiff's use and enjoyment of its real property.

                                                              TOTAL $ _____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

" I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 1/22/14

AOTO-6 mtc005-11/99
A.O.S.O 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### CONTRACT
A01 Services, labor and materials (F)
A02 Goods sold and delivered (F)
A03 Commercial Paper (F)
A08 Sale or lease of real estate (F)
A12 Construction Dispute (A)
A99 Other (Specify) (F)

### TORT
B03 Motor Vehicle negligence-personal injury/property damage (F)
B04 Other negligence-personal injury/property damage (F)
B05 Products Liability (A)
B06 Malpractice-medical (A)
B07 Malpractice-other (Specify) (A)
B08 Wrongful death, G. L. c. 229. s2A (A)
B15 Defamation (Libel-Slander) (A)
B19 Asbestos (A)
B20 Personal Injury-Slip & Fall (F)
B21 Environmental (A)
B22 Employment Discrimination (F)
B99 Other (Specify) (F)

### REAL PROPERTY
C01 Land taking (eminent domain) (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute concerning title (F)
C04 Foreclosure of mortgage (X)
C05 Condominium lien and charges (X)
C99 Other (Specify) (F)

### EQUITABLE REMEDIES
D01 Specific performance of contract (A)
D02 Reach and Apply (F)
D06 Contribution or Indemnification (F)
D07 Imposition of Trust (A)
D08 Minority Stockholder's Suit (A)
D10 Accounting (A)
D12 Dissolution of Partnership (F)
D13 Declaratory Judgment G.L. c. 231A (A)
D99 Other - (Specify) (F)

### MISCELLANEOUS
E02 Appeal from administrative Agency G.L. c. 30A (X)
E03 Action against Commonwealth Municipality, G.L. c. 258 (A)
E05 All Arbitration (X)
E07 c. 112,s. 12S (Mary Moe) (X)
E08 Appointment of Receiver (X)
E09 General contractor bond, G.L. c. 149,s.29,29a (A)
E11 Workman's Compensation (X)
E14 Chapter 123A Petition-SDP (X)
E15 Abuse Petition, G.L. c. 209A (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c. 12, s. 11H (A)
E18 Foreign Discovery proceeding (X)
E96 Prisoner Cases (F)
E97 Prisoner Habeas Corpus (X)
E99 Other (Specify) (X)

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☐ Yes   ☐ No |

## SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.